Michael K. Friedland (State Bar No. 157,217)
mfriedland@kmob.com
Ali S. Razai (State Bar No. 246,922)
ali.razai@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
RETAIL INKJET SOLUTIONS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RETAIL INKJET SOLUTIONS, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>TONERHEAD, INC., an Illinois corporation,<br><br>           Defendant. | Case No. 10cv1784 JAH (JMA)<br><br>**PLAINTIFF RETAIL INKJET SOLUTIONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>Date: March 21, 2011<br>Time: 2:30 PM<br>Courtroom 11, 2nd Floor<br>Honorable John A. Houston |

Pursuant to Fed. R. Civ. P. 15(a)(2), Local Rules 7.1 and 15.1, and Paragraph 2 of the Court's Scheduling Order,[1] Plaintiff Retail Inkjet Solutions, Inc. ("RIS") hereby moves the Court for leave to amend the Complaint to add as defendants Micro Electronics, Inc., ("Micro Center"), Micro Center Sales Corporation ("MCSC"), Walgreen Co. ("Walgreens") and Ace Hardware Corporation ("Ace").

## I. ARGUMENT

RIS submits this motion pursuant to Fed. R. Civ. P. 15, respectfully requesting leave from this Court to amend the Complaint in the form and content of the "First Amended Complaint" attached hereto as Exhibit 1.  The First Amended Complaint ("Proposed Complaint") differs from the Complaint in that it adds Micro Center, MCSC, Walgreens, and Ace ("Proposed Defendants") as party defendants.  The Proposed Defendants are all permissible parties in this case. This lawsuit is early in its proceedings, and the addition of the Proposed Defendants should not delay the timing or progress of this case.

## II. FACTUAL BACKGROUND

Tonerhead, Inc. ("Tonerhead") is presently the sole defendant in this action.  As alleged in the Complaint[2] and Plaintiff's Preliminary Infringement Contentions,[3] Tonerhead's Ink-O-Dem Cartridge Refilling Machine ("Ink-O-Dem") infringes at least claims 1 and 2 of U.S. Patent No. 5,663,754 ("the '754 patent") owned by RIS, and use of Tonerhead's Ink-O-Dem machine infringes the method claimed by Claim 8 of the '754 patent.  Upon information and belief, Tonerhead supplies Proposed Defendants with the Ink-O-Dem machine for use in retail centers.  The use of the Ink-O-Dem machine by the Proposed Defendants constitutes infringement of the '754 patent.

/ / /

---

[1] Scheduling Order [Doc. 18] issued by the Court on November 17, 2010.

[2] Complaint for Patent Infringement [Doc. 1] filed August 26, 2010.

[3] Preliminary Infringement Contentions Pursuant to Patent Local Rules 3.1 and 3.2 served December 3, 2010, attached hereto as Exhibit 2.

-1- Motion for Leave to Amend Complaint
Case no. 10cv1784

### III.  LEGAL BACKGROUND

Fed. R. Civ. P. 15(a) provides that a party may amend its pleading "by leave of court" and that such leave "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 201 (3d Cir. 2006).  The Ninth Circuit has held that, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977 (9th Cir. 1981)).  The underlying purpose of Rule 15 is "to facilitate decision on the merits rather than on the pleadings or technicalities."  *See FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995).

A plaintiff has great discretion in structuring litigation, which includes the plaintiff's use of the permissive party joinder provisions of Fed. R. Civ. P. 20.  The liberal rule for joinder of parties is designed "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.  A single case tends to lessen the delay, expense and inconvenience to all concerned."  *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974).  Justice requires parties to be joined in an action to prevent "multiple concurrent or seriatim lawsuits" asserting infringement.  *Indep. Wireless Tel. Co. v. Radio Corp.*, 269 U.S. 459, 466, 468 (1926).  Courts follow a policy favoring the broadest possible scope of action consistent with fairness to the parties, strongly encouraging joinder of parties, claims, and remedies.  *Lewis King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, 5 (E.D. Pa. 1979) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) and *Mosley*, 497 F.2d at 1332).

Accordingly, amendment of the Complaint should be allowed so long as it does not cause the opposing party "undue prejudice."  *DCD Programs*, 833 F.2d at 186.  Courts often consider the following four factors in evaluating a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.  *DCD Programs*, 833 F.2d at 186.  "Given the liberal standard mandated by Rule 15, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted."  *In re 3Com Sec. Litigation*, 1992

/ / /

U.S. Dist. LEXIS 12923 (N.D. Cal. 1992) (citing *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)).

## IV.  ARGUMENT

### A.  RIS is Acting in Good Faith and Without Undue Delay

RIS brings this motion in good faith.  RIS has been engaged in good faith efforts to settle the current dispute with Tonerhead with minimal disruption to Tonerhead's customers, including Proposed Defendants.  To this point, RIS' efforts have not resulted in settlement of the dispute.  This Court has mandated that any motion to join other parties shall be filed on or before January 24, 2011.  (Scheduling Order, ¶2).  Unable to reach a settlement, RIS now brings this motion in good faith in order to preserve its rights to present a full airing of the issues relating to the alleged infringement of the '754 patent in a single case, thereby serving the ends of justice and judicial economy.

### B.  Tonerhead and Proposed Defendants Will Not Be Prejudiced

Adding Proposed Defendants at this stage of the litigation will not prejudice Tonerhead or any of the Proposed Defendants.  Discovery remains in its early stages; Tonerhead has not produced any documents and no depositions have taken place.  Also, Proposed Defendants regularly transact business with Tonerhead involving the accused Ink-O-Dem machines.  Accordingly, Proposed Defendants will seamlessly integrate into the case because of their close customer-vendor relationship with Tonerhead.

### C.  RIS' Amendment Is Not Futile

Finally, RIS' proposed amendment to the complaint is not futile.  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  RIS' Proposed Complaint merely adds new parties to its existing cause of action.  Therefore, RIS' amendment is not futile.

/ / /

/ / /

/ / /

## V. <u>CONCLUSION</u>

For the reasons set forth above, RIS respectfully requests that this Court grant this Motion and grant RIS leave to file the Proposed Complaint.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 24, 2011     By: Ali S. Razai
    Michael Friedland
    Ali S. Razai

Attorneys for Plaintiff
RETAIL INKJET SOLUTIONS, INC.

## PROOF OF SERVICE

I hereby certify that on January 24, 2011, I caused the **PLAINTIFF RETAIL INKJET SOLUTIONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

Daniel G. Lamb, Jr.
daniel.lamb@pillsburylaw.com
Brian D. Martin
brian.martin@pillsburylaw.com
Nathaniel R. Smith
nathan.smith@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN, LLP
501 W. Broadway, Suite 1100
San Diego CA 92101
T: 619-234-5000
F: 619-236-1995


Keith V. Rockey
krockey@rdlklaw.com
Kathleen A. Lyons
klyons@rdlklaw.com
Matthew L. DePreter
cdepreter@rdlklaw.com
ROCKEY, DEPKE, & LYONS, LLC
233 South Wacker Drive, Suite 5450
Chicago IL 60606
T: 312-277-2006
F: 312-411-0570

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on January 24, 2011, at San Diego, California.

*/s/ Megan Ptacin*
Megan Ptacin

10339110
012111

-1-

Proof of Service
Case no. 10cv1784